**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Wilson T.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David Eastwood, *Acting Director, St. Paul Field Officer Immigration & Customs Enforcement*; Joel Brott, *Sheriff, Sherburne County*; and David Venturella, *Director, Immigration & Customs Enforcement*,

Respondents.

Civ. No. 26-2981 (JWB/LIB)

**ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Petitioner Wilson T. petitions for a writ of habeas corpus challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 6.) Magistrate Judge Leo I. Brisbois recommends granting the Amended Petition in part and ordering Petitioner's release. (Doc. No. 20.) Respondents object. (Doc. No. 21.) Petitioner responded. (Doc. No. 23.)

De novo review is required as to the portions of the Report and Recommendation ("R&R") to which Respondents object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Respondents' objections concern exhaustion and the remedy for the unlawful arrest, but they do not meaningfully challenge the R&R's central conclusion that Petitioner was not lawfully arrested under the authority on which ICE relied.

The Form I-200 arrest warrant was issued on August 25, 2025, and Petitioner was arrested on August 28, 2025, which was before the Notice to Appear was issued on August 29, 2025. Under 8 C.F.R. § 236.1(b), a Form I-200 authorizes a noncitizen to be arrested "[a]t the time of issuance of the notice to appear, or at any time thereafter." Because Petitioner was arrested on the I-200 before the Notice to Appear was issued, he was not validly arrested on a warrant as required under 8 U.S.C. § 1226(a).

Nor does the record establish a lawful warrantless arrest under 8 U.S.C. § 1357(a)(2). That provision permits a warrantless arrest only when an immigration officer has reason to believe the person is in the United States in violation of immigration law *and* is "likely to escape before a warrant can be obtained." That latter requirement is not established in the record here. Petitioner was arrested after returning to his residence in his own vehicle, and Respondents did not contend that he was likely to escape before a valid warrant could be obtained.

Respondents first argue that the Petition should be denied because Petitioner did not request a bond hearing. The argument muddles together two different questions. A bond hearing determines whether a person who is *lawfully* in immigration custody should remain detained or may be released on conditions. This habeas case presents a question that is antecedent and a threshold: whether ICE had lawful authority to arrest Petitioner and place him in custody in the first place. A bond hearing does not answer that question nor does it cure an arrest that was unlawful when made. Requiring exhaustion therefore would not provide an administrative resolution of the claim presented here.

Respondents next argue that the R&R should have determined whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). Resolving that question is not necessary. Respondents have not shown that § 1226(c) supplied an independent lawful basis for the arrest at issue. The current Notice to Appear was issued only after Petitioner had been arrested, and the record does not establish a lawful warrantless arrest under § 1357(a)(2). Whether § 1226(c) would require detention following a lawful arrest is hypothetical, and in any event, a different question from whether this arrest was lawful. Nothing in § 1226(c), as invoked by Respondents here, can be deemed to retroactively supply the authority missing when Petitioner was taken into custody.

Finally, Respondents object to release as the remedy. They characterize the defect as procedural and argue that any error was harmless because Petitioner can seek a bond hearing or because ICE may be able to arrest him again through lawful procedures. Respondents also challenge reliance on the principle recognized in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), that an agency must follow its own regulations.

The issue does not need to turn on testing the boundaries of the *Accardi* doctrine. The defect here is not just an irregularity in an administrative proceeding where the final outcome may have been unaffected. It concerns a central issue—the legal authority for Petitioner's present physical custody. Section 1226(a) and its implementing regulation set forth when ICE can make an arrest pursuant to an administrative warrant, while § 1357(a)(2) separately defines the limited circumstances permitting an arrest without one. The record here establishes neither lawful basis for Petitioner's arrest.

Respondents' reliance on cases addressing whether regulatory violations affected the outcome of removal proceedings does not resolve that problem. Petitioner does not seek to invalidate his removal proceedings because an agency failed to follow a collateral procedural requirement. He seeks habeas relief from detention that lacked a lawful predicate when it began. "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

The possibility of a future lawful arrest cannot render the present unlawful detention harmless. Authority that may permit the Government to arrest and detain Petitioner in the future does not supply authority for detention that was unlawful in the past, when initiated.

## ORDER

Accordingly, based on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Doc. No. 20) is **ACCEPTED IN PART** and **MODIFIED IN PART** as set forth above.

2. Respondents' Objections (Doc. No. 21) are **OVERRULED**.

3. Petitioner's Amended Petition for a Writ of Habeas Corpus (Doc. No. 6) is **GRANTED IN PART**.

4. Respondents shall immediately release Petitioner from custody and shall file notice confirming his release within 48 hours of this Order.

5. Respondents may not continue Petitioner's present detention on the basis of the August 25, 2025 Form I-200 or the arrest effected pursuant to that warrant. Nothing in this Order precludes Respondents from later arresting or detaining Petitioner pursuant to lawful authority and in compliance with applicable statutory and regulatory requirements.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 20, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge